# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

**\*\*\***

JONATHAN MUNOZ,

               Plaintiff,

vs.

WYNDHAM HOTELS & RESORTS, INC.,

               Defendant.

Case No. 2:21-cv-01115-RFB-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1)

      Before the Court are pro se plaintiff Jonathan Munoz's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1). Munoz's in forma pauperis application is granted and his complaint is dismissed without prejudice with leave to amend.

## DISCUSSION

      Munoz's filings present two questions: (1) whether Munoz may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Munoz's complaint states a plausible claim for relief.

## I.    Whether Munoz May Proceed In Forma Pauperis

      Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."

      Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff states in his affidavit that he receives $1,037.49 per pay period in wages that supports both him and his wife (who is not able to work). (*Id*. at 1). Plaintiff also says he receives $2,044.18 a month in disability benefits, and he has about $600 in savings. (*Id*. at 2). Plaintiff states he has thousands of dollars in debt including a

$98 fee that he must pay "for the rest of his life" to Wyndham Hotels & Resorts, Inc. (*Id.*) Plaintiff's application to proceed in forma pauperis is granted.

## II.    Whether Munoz's Complaint States a Plausible Claim

### a.  Legal Standard

Because the Court grants Munoz's application to proceed *in forma pauperis*, it must review Munoz's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v.*

2

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). *Habacon v. Emerald Grande, LLC*, No. 2:19-cv-00165-MMD-PAL, 2019 U.S. Dist. LEXIS 63163, at 3-4 (D. Nev. Apr. 12, 2019).

### b.  Plaintiff's Complaint

In plaintiff's section titled "Statement of Claim" he brings two claims for (1) unconscionable contract element and (2) adhesive contract.[1] (ECF No. 1-1 at 4). He states that in 2013, he purchased a contract for points from the defendant Wyndham Hotels & Resorts, Inc. because Wyndham promised that the amount of points he purchased would be enough for him to be able to book a consistent vacation every year for the rest of his life. (*Id.* at 3).  He alleges that in 2015, a sales representative told him that he needed to buy a second contract because his points from the first contract were no longer enough to take the same annual vacation, so he bought a second contract. (*Id.*) In 2019, plaintiff alleges he realized that the fees for both contracts were increasing every year. (*Id.*) He alleges he wanted to cancel the contracts, but a sales representative told him that there is no option to cancel the contracts, which will continue to increase in cost every year, and that he will have to pay the fees for the contracts for the rest of his life. (*Id.*)

Plaintiff seeks damages in the amount of $192,000 representing the current price per point that he has, for $3,000 for maintenance fees he has paid the past three years since he asked to cancel the contracts, for $390,000 for harm related to the surprise annual increases, and $12,650,000 in punitive damages. (*Id.* at 4).

---

[1] Plaintiff notes his claims in the footnotes rather than stating them in the complaint.

"[A] plaintiff claiming a contract term is unconscionable usually must raise the issue as an affirmative defense to enforcement of the contract term or as a request for declaratory relief as to whether the term is enforceable." *Guerra v. Hertz Corp*., 504 F. Supp. 2d 1014, 1023 (D. Nev. 2007), citing to *Premiere Digital Access, Inc. v. Cent*. Tel. Co., 360 F. Supp. 2d 1161, 1168 (D. Nev. 2005). "The term contract of adhesion signifies a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Poublon v. C.H. Robinson Co*., 846 F.3d 1251, 1257 (9th Cir. 2017).

Plaintiff seeks damages based on this contract being unconscionable, but unconscionability is not an independent claim that one can bring for money damages. He also does not specifically allege which contract terms are at issue. Although plaintiff may allege that the contracts he signed were contracts of adhesion, Nevada courts have not adopted a rule that an adhesion contract is per se unconscionable, unenforceable, or void as a matter of law. Even though plaintiff is pro se, he must still follow Federal Rule of Civil Procedure 8(a)(2) and draft a complaint that shows what legal claims he brings against Wyndam showing that he is entitled to relief. Plaintiff has not stated any plausible legal claims against Wyndam in this complaint. The Court will allow plaintiff 30 days to research his claims and file an amended complaint that complies with this screening order.

ACCORDINGLY,

IT IS ORDERED that Munoz's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Munoz's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Munoz has until Tuesday, August 17, 2021, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint

that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 20th day of July 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5